UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,           )   Magistrate Case No._____
                                    )
        Plaintiff,                  )
                                    )   COMPLAINT FOR VIOLATION OF
    v.                              )
                                    )   Title 8, U.S.C., Section 1326
Arturo SERVIN-Vargas                )   Attempted Entry After
                                    )   Deportation
        Defendant.                  )
_____)

'08 MJ 0105

The undersigned complainant being duly sworn states:

On or about **January 14, 2008**, within the Southern District of California, defendant **Arturo SERVIN-Vargas**, an alien, who previously had been excluded, deported and removed from the United States to **Mexico**, attempted to enter the United States with the purpose; i.e. conscious desire, to enter the United States at the **San Ysidro Port of Entry**, without the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8, United States Code, Section 1326.

And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

_____
SIGNATURE OF COMPLAINANT
Claudia Rios U.S. Customs and Border
Protection Enforcement Officer

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE THIS 15th DAY OF JANUARY, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

## PROBABLE CAUSE STATEMENT

On **January 14, 2008** at approximately 12:09 AM, **Arturo SERVIN-Vargas (Defendant)** made application for admission into the United States at the San Ysidro Port of Entry. Defendant was a passenger in a 2006 Chrysler Town and Country van being driven by his son, Martin Servin. Traveling with them was Defendant's brother, Ysidro Servin who is also the registered owner of the vehicle. Upon inspection before a Customs and Border Protection (CBP) Officer, all three passengers in the vehicle claimed United States citizenship. The driver and the rear passenger presented California Driver's licenses and claimed U.S. citizenship. Furthermore, the driver presented a California birth certificate for the Defendant and claimed Defendant had lost his identification card. The primary CBP Officer asked Defendant for his identification, but Defendant claimed he had lost it. Defendant went on to say that although he had no identification, he was a United States citizen born in Los Angeles. The driver further added that they dropped off their grandmother at the airport in Tijuana and were now returning to Los Angeles. The CBP Officer suspected Defendant was not a U.S. citizen nor the true owner of the birth certificate presented on his behalf. Vehicle and occupants were referred to secondary inspection.

In secondary, Defendant continued to identify himself as a United States citizen to the secondary CBP Officer. Automated record checks showed Defendant had been previously removed from the United States. Defendant's fingerprints were searched through the Automated Biometric Identification System (IDENT). While waiting for the results, Defendant admitted he was a citizen of Mexico and had been previously deported. Defendant's fingerprints were queried utilizing the Integrated Automated Fingerprint Identification System (IAFIS) verifying Defendant's identity and criminal record. Defendant was identified as a previously removed alien from the United States. Defendant was referred to the Prosecution Unit for further processing.

Further queries using the Immigration Central Index System (CIS) and the Deportable Alien Control System (DACS) confirmed Defendant to be a citizen of Mexico with no legal documents to enter the United States. DACS indicates that on or about October 25, 1995 an Immigration Judge ordered Defendant excluded from the United States and Defendant was subsequently removed to Mexico. DACS further shows Defendant was last removed from the United States to Mexico on or about January 02, 2008. Immigration service records contain no evidence that Defendant has applied for, nor received permission from the Attorney General of the United States, or his designated successor, the Secretary of the Department of Homeland Security to legally re-enter the United States.